### (October 30, 1978)

■ AETNA CASUALTY AND SURETY COMPANY, Respondent, v HAMBLY CONSTRUCTION COMPANY, INC., et al., Defendants, and WILLIAM J. HAMBLY et al., Appellants. (And Two Other Actions.)—Appeal by (1) defendant William Hambly (a) as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Orange County, dated November 21, 1977, as vacated a portion of the judgment of the same court entered October 18, 1976 and reinstated a portion of the judgment of the same court entered July 20, 1972 and (b) from so much of a further order of the same court dated December 12, 1977, as upon reargument, adhered to the original determination, and (2) defendants Michael A. Gurda and Michael A. Gurda, Jr., (a) as limited by their brief, from so much of the order of the same court dated November 21, 1977, as (i) required them to pay the $3,000 fee of the court appointed Referee, and (ii) denied their application for the disqualification of the Honorable John Sweeny, and (b) from so much of an order of the same court dated December 6, 1977, as, upon reargument, adhered to its original determination of November 21, 1977. Appeals from orders dated November 21, 1977 and December 6, 1977 dismissed as academic, without costs or disbursements. These orders were superseded by the order of December 12, 1977. Order dated December 12, 1977 modified by adding thereto, following the provision wherein the court, upon granting reargument adhered to its original determination of November 21, 1977, "except that the judgment entered July 20, 1972 is vacated on the consent of the plaintiff and the judgment entered October 18, 1976 is reinstated, the provision requiring Michael A. Gurda and Michael A. Gurda, Jr. to pay the $3,000 fee of the court appointed referee is deleted and a new provision is added requiring the plaintiff and defendants Doris and William Hambly to jointly or individually pay the sum of $3,000 to Herbert L. Ruttenberg." As so modified, order affirmed insofar as appealed from, without costs or disbursements. Plaintiff the Aetna Casualty and Surety Company (Aetna) initially recovered a default judgment against the Hambly Construction Company and William and Doris Hambly based on Aetna's liability on several construction performance bonds. Thereafter, Aetna sued several other persons, including Michael A. Gurda and Michael A. Gurda, Jr., in order to rescind certain property transfers which were allegedly fraudulent

with respect to Aetna. The Hamblys and the Gurdas then moved to vacate the underlying default judgment, or in the alternative, for a hearing to correct the judgment to reflect the true amount paid by Aetna on the performance bonds. The court granted the motion only to the extent that it appointed a Referee to hear and report on the amount paid by Aetna on the performance bonds. The Gurdas, who were not defendants in the action on the performance bonds, were denied standing to participate in the Referee's hearing. As a result of the Referee's report, Aetna's judgment was reduced from approximately $277,000 to $147,000. When Doris Hambly was adjudged a bankrupt and William Hambly refused to pay the Referee's fee of $3,000, the Referee moved to reinstate the original judgment and to compel the Hamblys' attorneys (Michael A. Gurda and Michael A. Gurda, Jr.) to pay his fee. This relief was granted. The Gurdas cross-moved to disqualify the Judge who granted the relief on the ground that he was predisposed against them. This was denied. It was error for the court to require the Gurdas to pay the Referee's fee as the attorneys for the Hamblys. An attorney is an agent for his client and is not responsible on the principal's contract (Judson v Gray, 11 NY 408; cf. Matter of May, 27 NY2d 529). The only exception to that rule is where the attorney has a personal interest in the outcome of litigation (see, generally, Attorney's Personal Liability for Expenses Incurred in Relation to Services for Client, Ann., 15 ALR3d 531, 546). In the case at bar, the Gurdas attempted to intervene in the main action against the Hamblys. However, they were denied standing to participate in the Referee's hearing. Furthermore, they had no direct interest in the reduction of the judgment, and the entry of the reduced judgment did not operate for or against them. Since they had no individual stake in the case, it was error to charge them with liability for the Referee's fee (see Judson v Gray, supra). The cost should be borne by the Hamblys and Aetna jointly or individually. Aetna erred by pursuing the entry of an inflated judgment, and the Hamblys erred by defaulting in that action and not contesting Aetna's claim. We have reviewed the contention that the Judge involved in this matter is predisposed against the Gurdas and have found that he has not prejudged any material facts or claims in this long and bitter lawsuit. In view of the acrimony and litigious nature exhibited by the parties, the record indicates that the Judge exercised commendable patience and impartiality. Mollen, P. J., Hopkins, Titone and O'Connor, JJ., concur; Hawkins, J., not voting.