■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY GINDI, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered February 15, 1978, convicting him of manslaughter in the second degree, upon a jury verdict, and imposing sentence. Judgment affirmed and case remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Defendant was indicted, *inter alia,* for the crime of manslaughter in the first degree. The trial court submitted only that count and the lesser included offense of manslaughter in the second degree to the jury. Defendant contends that the portion of the court's charge in which the jury was instructed that it was to "render a verdict separately and specifically upon each of the counts submitted to you", was error. Taken by itself, this language might have conveyed the erroneous impression to the jury that it could lawfully find the defendant guilty of both of the charges submitted for its consideration. With respect to lesser included offenses, however, CPL 300.50 (subd 4) provides, in relevant part: "Whenever the court submits two or more offenses in the alternative pursuant to this section, it must instruct the jury that it may render a verdict of guilty with respect to any one of such offenses, depending upon its findings of fact, but that it may not render a verdict of guilty with respect to more than one." However, defendant has taken the portion of the charge which he now finds objectionable out of context. A reading of the entire charge clearly indicates that the trial court instructed the jury that the lesser included offense was submitted as an alternative to the greater. The court instructed the jury that it was to find defendant guilty or not guilty of manslaughter in the first degree "Or—*not and"* (emphasis supplied) manslaughter in the second degree. It would have been preferable to have charged the jury that if it found defendant guilty of the greater offense it was to go no further and, only in the event it found him innocent of the greater offense, should it proceed to consider the lesser. However, as indicated above, the charge as given did not prejudice defendant. Moreover, no exception was taken thereto and the jury found defendant innocent of manslaughter in the first degree and guilty of manslaughter in the second degree, in accordance with the mandate of the statute (see CPL 300.50). The defendant correctly urges that the trial court erred when, in its

charge, it referred to the character witnesses called by defendant and commented that defendant had offered their testimony "because he is seeking to strengthen the presumption of innocence". Again, defendant failed to object to this instruction and the error of law was thereby waived (see CPL 470.05, subd 2). In our opinion a reversal is not warranted in the interest of justice since the proof of guilt was clear and defendant was convicted of the lesser offense. We have considered defendant's other contentions and find them to be without merit. Damiani, J. P., Suozzi, Shapiro and Cohalan, JJ., concur.