■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BENNETT and GEORGE MACCHIO, Appellants. — Appeals by defendants from two judgments (one as to each of them) of the Supreme Court, Queens County, both rendered January 18, 1977, convicting each of them of conspiracy in the third degree and bribe receiving, upon a jury verdict, and sentencing each of them to concurrent terms of one year imprisonment on each count. Judgments modified, as a matter of discretion in the interest of justice, by reducing the sentence of each of the defendants to a term of three years probation on the charge of conspiracy in the third degree, and a term of five years' probation on the charge of bribe receiving in the second degree, the sentences to run concurrently. As so modified, judgments affirmed, and case remitted to the Supreme Court, Queens County, to fix the conditions of probation and for further proceedings pursuant to CPL 460.50 (subd 5). The defendants, Bennett and Macchio, who are former New York City police sergeants, were indicted on charges related to their involvement in an illegal "pad" operation at the 103rd Precinct in Queens County, known as the sergeant's club. At trial, the People relied primarily on the testimony of former police officers and sergeants who were connected with the club. In addition, the prosecution introduced into evidence tape recordings which had been obtained by a former sergeant and club member, John Sagesser. Sagesser identified the voices of Bennett and Macchio as they were heard on the tapes. The Trial Judge, in his charge to the jury, instructed that it was for the jury to determine whether the tapes provided sufficient corroboration for the testimony of the accomplice police officers. Although each of the defendants raised objections to certain aspects of the court's charge, including those related to the corroboration of accomplice testimony, neither contended that the tapes could not corroborate the testimony of accomplices for the reason that Sagesser was, himself, an accomplice. The jury found each defendant guilty of conspiracy in the third degree and one count of bribe receiving, acquitting them of the remaining charges. Both in terms of the nature of the crimes involved and the type of proof presented by the prosecution, the instant case bears a strong resemblance to *People v Cona* (49 NY2d 26, mod on remand 79 AD2d 1006). We recognize, in light of the Court of Appeals decision in *Cona,* that virtually all of the prosecution witnesses in the case at bar are deemed accomplices as a matter of law, and that the tape recording obtained by Sagesser was insufficient to corroborate their testimony. Nonetheless, the insufficiency of the People's proof under the

accomplice corroboration statute (CPL 60.22, subd 1) does not require reversal. Bennett and Macchio stand in precisely the same position as defendants Reitano, Maroney, Brown, Conti, Carter, Cona and Auletta in the *Cona* case, who similarly failed to make a timely objection at trial to the sufficiency of the corroboration. Like those defendants, Bennett and Macchio are not entitled to a reversal on the corroboration issue as a matter of law. Furthermore, we do not believe that the circumstances warrant reversal of their convictions in the interest of justice. We have examined the other issues raised by the defendants in their briefs and find none to be meritorious. We conclude, however, as we did in *Cona,* that in the special circumstances presented the sentences should be reduced to concurrent terms of probation. Prior to the instant convictions, neither defendant had a criminal record, and each had served approximately 20 years with the police department. As a result of their criminal involvement, they have lost their jobs, as well as their pension rights. It should also be noted that more than six years have elapsed since the defendants were arrested on the instant charges. In reaching our conclusion with respect to the sentences, we do not mean to minimize the significance of the offenses upon which they stand convicted. These crimes involve a serious, and inexcusable, betrayal of the public trust. We believe, however, that there is little likelihood that the defendants will become involved in future unlawful conduct, and their incarceration at this time would serve no useful purpose. Hopkins, J. P., Damiani, Gibbons and Rabin, JJ., concur.

