Robert TAYLOR, Appellant,

v.

David R. HARRIS, Appellee.

No. 580, Docket 80–2180.

United States Court of Appeals,
Second Circuit.

Argued Dec. 18, 1980.

Decided Jan. 23, 1981.

Victor J. Herwitz, New York City (Donald E. Nawi, New York City, of counsel), for appellant.

Michael J. Halberstam, Asst. Dist. Atty., Brooklyn, N. Y. (Eugene Gold, Dist. Atty. for Kings County, Brooklyn, N. Y., of counsel), for appellee.

Before MOORE, MANSFIELD and NEWMAN, Circuit Judges.

PER CURIAM:

Robert Taylor, a state prisoner, appeals from an order and judgment of the District Court for the Eastern District of New York entered on May 23, 1980, by Judge Eugene H. Nickerson, denying his petition for a writ of habeas corpus, which was sought on two grounds. Taylor's first claim is that the judge of the Supreme Court of the State of New York who presided at the jury trial which ended with his conviction on June 4, 1976, of robbery in the second degree, violated his constitutional rights, as later established by the Supreme Court in *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), see also *United States v. Robinson*, 545 F.2d 301 (2d Cir. 1976), by improperly charging the jury that a "person is presumed to intend the natural consequences of his acts, unless the act was done under circumstances or conditions which preclude the existence of such intent." Taylor did not object to this instruction at this state court trial or upon his state court appeal. Judge Nickerson denied Taylor's petition on the ground that, since the Supreme Court's decision in *Sandstrom* was issued after Taylor's state court appeal had been decided, petitioner could still raise the issue in the New York courts collaterally under N.Y.C.P.L. § 440.10(3)(b) and therefore he had not exhausted his state court remedies.

We affirm, but on a different ground from that relied upon by Judge Nickerson. Under the Supreme Court's decision in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), a federal habeas corpus claim is not cognizable where the petitioner waived it procedurally in the state court, unless he can show "cause" for his procedural default and prejudice. Under New York law, Taylor's failure to object to the instruction at trial would amount to a procedural default, N.Y.

C.P.L. § 470.05 (subd. 2) (McKinney 1971),[1] as would his failure to raise the issue on appeal, N.Y.C.P.L. § 400.10(2)(c).[2] It is well settled in New York that failure to object to an erroneous charge constitutes a waiver precluding review. *People v. Argibay*, 45 N.Y.2d 45, 55, 407 N.Y.S.2d 664, 669, 379 N.E.2d 191 (Ct. of App.1978) ("the failure to object to the charge prevents review in this court"); *People v. Cona*, 49 N.Y.2d 26, 28, 424 N.Y.S.2d 146, 148, 399 N.E.2d 1167 (Ct. of App.1979) ("To create and preserve a question amenable to appellate review, a defendant normally must raise that issue before the court of original jurisdiction"); *People v. Gindi*, 409 N.Y.S.2d 552, 65 A.D.2d 627 (App.Div.2d Dept.) ("defendant failed to object to this instruction and the error of law was thereby waived (*see* C.P.L. § 470.05, subd. 2)"). Nor does it appear that the New York appellate court ignored its own procedural rules in Taylor's case and con-

sidered the merits of the unobjected-to claim on the ground that the error of law was at basic variance with the Constitution, *People v. Thomas*, 50 N.Y.2d 467, 429 N.Y.S.2d 584, 407 N.E.2d 430 (Ct. of App.1980).[3] Moreover, although the district court was led to the erroneous belief that the state court would not have held the "natural consequences" instruction to be erroneous, New York's highest court has recently stated that

"... *Sandstrom* did not alter the law of this State. For more than a century, the charge condemned in *Sandstrom* has been held by this Court to be erroneous as a matter of State law" [citations omitted];

*People v. Thomas*, 50 N.Y.2d 467, 429 N.Y.S.2d 584, 587, 407 N.E.2d 430, 432 (Ct. of App.1980). Since no valid cause is shown for Taylor's procedural default, his claim

---

1. New York's Criminal Procedure Law, § 470.05(2) (McKinney 1971) provides in pertinent part:
   "2. For purposes of appeal, a question of law with respect to a ruling or instruction of a criminal court during a trial or proceeding is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same."

2. New York's Criminal Procedure Law, § 440.10(2)(c), provides:
   "2. Notwithstanding the provisions of subdivision one, the court must deny a motion to vacate a judgment when:
   *  *  *  *  *  *
   "(c) Although sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure to take or perfect an appeal during the prescribed period or to his unjustifiable failure to raise such ground or issue upon an appeal actually perfected by him; or...."

3. Our position does not change because Taylor's co-defendant Bernard Guichard raised this claim in a post-trial motion to vacate judgment and on an appeal which ended with its being rejected without opinion by New York's Appellate Division, Second Judicial Department. See 471 F.Supp. 784, 787 (E.D.N.Y.1979). Issues raised by a motion to vacate judgment are not sufficiently timely to escape default under New

York's contemporaneous objection rule, note 1 *supra*, since permitting correction of an erroneous instruction at that late point would necessitate a needless new trial, which the contemporaneous objection rule was designed to avoid.

Nor should we presume from the Appellate Division's silence that it affirmatively exercised its narrow discretion to ignore the contemporaneous objection rule when fundamental constitutional rights are involved. Since "[a]s a general rule points which were not raised at trial may not be considered for the first time on appeal," *People v. Thomas, supra*, 50 N.Y.2d 467, 429 N.Y.S.2d at 586, 407 N.E.2d at 431, silence on the part of the Appellate Division is more properly viewed as a decision not to sidestep the general rule requiring a contemporary objection than as a consideration and rejection of a procedurally waived claim. We need not decide whether, in the absence of explanation, state court denial of post-conviction relief always implies that the merits of a claim were not reached because of a procedural default, cf. *Alburquerque v. Bara*, 628 F.2d 767, 772 (2d Cir. 1980) (noting absence of a "reasoned, factually substantiated [state court] opinion" as one consideration in declining to find a procedural default in objecting to jury selection). We are willing to assume that the state court felt that the merits were precluded by the procedural default in this case because the procedure is based on a well-known rule of trial practice, whose observance would have afforded the trial court an opportunity to avoid the problem of which the petitioner now complains.

based upon the "natural consequences" charge must fail under *Wainwright* and it becomes unnecessary to remand the claim to the district court for consideration of its merits.

Taylor's second contention is that the jury's acquittal of him on Count One of the indictment, charging him with a form of robbery in the first degree, was inconsistent with its conviction of him on Count Two, which charged a different form of first degree robbery, and collaterally estopped the state trial judge from reducing his conviction to the second degree robbery charge alleged in Count Three and violated his rights under the Double Jeopardy Clause. We affirm the district court's dismissal of this claim, substantially for the reasons stated by Judge Nickerson in his opinion.