See also D.C., 471 F.Supp. 784.

Bernard GUICHARD, Petitioner,

v.

Harold J. SMITH, Superintendent, Attica Correctional Facility, and Robert Abrams, Attorney General of the State of New York, Respondents.

No. 78 C 995.

United States District Court,
E. D. New York.

June 8, 1981.

Memorandum and Order July 10, 1981.

The Legal Aid Society, Federal Defender Services Unit by Steven Lloyd Barrett, New York City, for petitioner.

Eugene Gold, Dist. Atty., Kings County, Brooklyn, N. Y., by Lucille DiBello, Asst. Dist. Atty., Brooklyn, N. Y., for respondents.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

Petitioner is currently serving a second-felony offender sentence of seven and one-half to fifteen years following his conviction for robbery in the second degree in Supreme Court, Kings County. His conviction was affirmed without opinion, 398 N.Y. S.2d 352 (App.Div. Second Dept.1977), and leave to appeal to the New York Court of Appeals was denied, 43 N.Y.2d 794, 402 N.Y.S.2d 1034, 373 N.E.2d 296 (1977). Petitioner's subsequent motion to vacate judgment was denied on January 17, 1978. For the reasons which follow, the petition is denied.

Petitioner initially applied to this Court in May 1978 for a writ of habeas corpus alleging, inter alia, that the instructions given his jury, which included a portion stating:

"That it is a fundamental rule of evidence that a person is presumed to intend the natural consequences of his acts, unless the act was done under circumstances or conditions which preclude the existence of such intent,"

effectively shifted to him the burden of proof regarding the element of intent in violation of his constitutional right to due process. In opposition, the State asserted at that time that federal habeas review was unavailable because petitioner had failed to exhaust State remedies. Based on a concession by the State that the issue arising out of the trial court's charge had been raised in applications for post-conviction relief in the State courts, this Court held that petitioner had exhausted available State remedies. See Picard v. Connor, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). At that time, the State did not argue that the Court was barred from hearing petitioner's claim because of a State procedural default that had resulted in a waiver of the claim in the State courts.

Accordingly, the Court addressed the merits of petitioner's claims and denied the petition in a memorandum and order dated April 27, 1979, which is reported in 471 F.Supp. 784. On June 18, 1979, the Supreme Court decided Sandstrom v. Montana, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), which held that an instruction that "the law presumes that a person intends the ordinary consequences of his voluntary acts" denies a defendant due process if a reasonable juror could interpret the charge as embodying a conclusive presumption or as shifting to the defendant the burden of disproving the element of intent. On the basis of this decision, the Court granted petitioner leave to renew that portion of his habeas application that was based upon the allegedly improper jury instruction.

In opposition to the renewed petition, the State asserts that federal habeas review is wholly precluded because petitioner failed at trial to comply with New York's contemporaneous objection rule, thereby waiving his right to challenge the charge to the jury. Wainwright v. Sykes, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). It is

argued that since the State appellate courts did not relieve petitioner of this procedural default, unless he can carry his burden of satisfying *Wainwright*'s "cause" and "prejudice" standard, the petition must be dismissed.

■ Petitioner concedes that at the time it was given his attorney failed to object to the charges of which he now complains. It is well settled in New York that failure to object to an erroneous charge constitutes a waiver precluding appellate review. N.Y. Crim.Proc. Law § 470.05(2). *People v. Cona*, 49 N.Y.2d 26, 424 N.Y.S.2d 146, 399 N.E.2d 1167 (1980); *People v. Argibay*, 45 N.Y.2d 45, 407 N.Y.S.2d 664, 379 N.E.2d 191 (1978).[1] Nonetheless, petitioner asserts that his requests to charge and subsequent exceptions may be deemed sufficient to have put the trial court on notice that his defense was based on lack of intent and therefore that the charge was objectionable.

■ Petitioner's counsel requested the trial court to instruct the jury regarding petit larceny and criminal facilitation as lesser included offenses. These requests were denied and defense counsel excepted from the rulings. Although petitioner argues that these requests demonstrated his trial attorney's concern with the issue of intent, they are insufficiently specific to preserve the issue for appeal in the State courts. See *People v. Liccione*, 50 N.Y.2d 850, 430 N.Y.S.2d 36, 407 N.E.2d 1333 (1980); *People v. Cona, supra*. Petitioner's requests to charge were not directed to that portion of the charge he now seeks to challenge as improperly shifting the burden of proof regarding intent. Nor can it be said that these general requests served the express purpose of New York's contemporaneous objection rule to bring specific errors to the trial court's attention at the time when they can be corrected. See *People v. Robinson*, 36 N.Y.2d 224, 367 N.Y.S. 208, 326

N.E.2d 784 (1975). Moreover, the issue of waiver presents a question of State law, *Wainwright v. Sykes, supra*, the resolution of which by the State courts must be given great deference by a federal habeas court. *Mullaney v. Wilbur*, 421 U.S. 684, 691, 95 S.Ct. 1881, 1885, 44 L.Ed.2d 508 (1975). In this regard, the subsequent appellate history of petitioner's case strongly supports the conclusion that the State courts considered petitioner's objection to the charge to have been waived.

■ It is true that the New York appellate courts have a narrow field of discretion to relieve a waiver under the State's contemporaneous objection rule where the appellate court concludes that the procedure followed at trial was at basic variance with the Constitution. See *People v. Thomas*, 50 N.Y.2d 467, 429 N.Y.S.2d 584, 407 N.E.2d 430 (1980); *People v. Patterson*, 39 N.Y.2d 288, 383 N.Y.S.2d 573, 347 N.E.2d 898 (1976), *aff'd sub nom. Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977).

In petitioner's case, the trial court's charge did include in one section the disapproved language, and it is true that this was brought to the attention of the Appellate Division. However, the trial justice repeatedly instructed the jury that the prosecution had the burden of proving the defendant's guilt beyond a reasonable doubt, that that burden never shifts, that the defendant was presumed to be innocent throughout the trial and that he was entitled to every reasonable inference in his favor. Under these circumstances, it is highly doubtful that the exercise of this rare appellate device would have been considered appropriate. *People v. Thomas, supra*.

Most importantly, the affirmance of petitioner's conviction was without opinion, which "suggests reliance upon procedural grounds . . . ." *Gruttola v. Hammock*, 639

---

1. N.Y.Crim.Proc. Law § 470.05(2) provides in relevant part:

"For purposes of appeal, a question of law with respect to a ruling or instruction of a criminal court during a trial or proceeding is presented when a protest thereto was registered, by the party claiming error, at the time of such ruling or instruction or at any subsequent time when the court had an opportunity of effectively changing the same."

F.2d 922, 929 (2d Cir. 1981). Under these circumstances, this Court follows the recent views of the Court of Appeals for this Circuit that

> "silence on the part of the Appellate Division is more properly viewed as a decision not to sidestep the general rule requiring a contemporary objection than as a consideration and rejection of a procedurally waived claim.... We are willing to assume that the state court felt that the merits were precluded by the procedural default in this case because the procedure is based on a well-known rule of trial practice, whose observance would have afforded the trial court an opportunity to avoid the problem of which the petitioner now complains." *Taylor v. Harris*, 640 F.2d 1, 2 n.3 (2d Cir. 1981).[2]

Upon a finding that the State courts considered a claim waived due to procedural default, a habeas petitioner may only obtain federal review by demonstrating valid cause for the waiver *and* actual prejudice. *Wainwright v. Sykes, supra.* See *Forman v. Smith*, 633 F.2d 634 (2d Cir. 1980). In this regard, New York's highest court has recently stated that

> "*Sandstrom* did not alter the law of this State. For more than a century, the charge condemned in *Sandstrom* has been held by this court, to be erroneous as a matter of State law [citation omitted]. Thus the defendant's failure to object cannot be excused on the ground that he was confronted at trial with a practice held or deemed to be valid which was only called into question by a Supreme Court decision announced while the case was on appeal." *People v. Thomas, supra*, 429 N.Y.S.2d at 587, 407 N.E.2d at 433.

Accordingly, petitioner has not shown valid cause for his failure contemporaneously to object to such a charge. *Taylor v. Harris, supra.*

In any event, the Court doubts that petitioner could show actual prejudice suffi-cient to satisfy this requirement under *Wainwright.* In its earlier memorandum and order, this Court has already reviewed the effect of the disapproved language on the overall fairness of petitioner's trial—which is the ultimate issue presented on a federal habeas petition. *Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S.Ct. 1730, 1736, 52 L.Ed.2d 203 (1977). It is sufficient here to reproduce our earlier conclusion:

> "It is therefore doubtful that the jury was by a few ill-chosen words led to believe that Guichard had the burden of proving that his intentions were, if not pure, at least not bent towards robbery .... there is nothing in the charge to suggest, even obliquely, that a defendant ever bears the burden of proving his innocence or of producing exculpatory evidence. *Cf. United States v. Erb*, 543 F.2d 438, 447 (2d Cir.), *cert. denied*, 429 U.S. 981 [97 S.Ct. 493, 50 L.Ed.2d 590] (1976). More important, the trial was fairly brief, the issues relatively clear-cut and plainly presented, and the evidence of guilt substantial. In these circumstances, it cannot be said that the single objectionable phrase in what was otherwise a fair and balanced charge 'by itself so infected the entire trial that the resulting conviction violates due process.' *Cupp v. Naughten*, [414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973)]." *Guichard v. Smith, supra*, 471 F.Supp. at 792–93.

Accordingly, the petition for a writ of habeas corpus is denied.

SO ORDERED.

The Clerk of the Court is directed to forward copies of this memorandum and order to counsel for the parties.

### MEMORANDUM AND ORDER

#### On Motion For Reconsideration

By memorandum and order dated June 8, 1981, the Court denied petitioner's application for a writ of habeas corpus, finding that under New York law he had waived his

---

2. Indeed, *Taylor v. Harris, supra*, was the habeas petition of Guichard's co-defendant, such that the Court of Appeals, in the language re-produced in the text, was in fact discussing the charge given to petitioner's jury.

objection to a jury instruction allegedly improper under *Sandstrom v. Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979). Since petitioner was unable to show cause and prejudice for the State procedural default, the Court concluded that it was barred under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), from addressing the merits of his claim. The action is now here again on petitioner's motion for reconsideration, made on the basis of *Washington v. Harris*, 650 F.2d 447 (2d Cir., June 8, 1981), announced the same day this Court entered its decision. For the reasons which follow, we adhere to the prior decision.

In *Washington*, as in the instant case, the habeas petitioner had failed at trial to object contemporaneously to a "Sandstrom" charge, and that objection was first raised on direct appeal to the Appellate Division. However, in response to Washington's appellate argument regarding the jury instruction,

> "the State's reply brief did not assert any procedural bar to that objection. Rather, the State's reply brief addressed the objection on the merits." *Washington v. Harris, supra,* at p. 451.

The Appellate Division affirmed Washington's conviction without opinion. The Second Circuit in *Washington*, noting that the Appellate Division may relieve an appellant of a default under New York's contemporaneous objection rule where the complained of error affected the essential constitutional validity of the trial proceedings, found that under the circumstances of Washington's case this had occurred, and concluded that no procedural bar existed under *Wainwright*. The Court of Appeals distinguished Washington's case from the opposite result reached in its recent decision in *Taylor v. Harris*, 640 F.2d 1 (2d Cir. 1981), which this Court relied upon in dismissing the instant petition, by observing that Taylor, unlike Washington, had failed even to raise the objection in the Appellate Division.

In the case at bar, petitioner, after failing at trial to object to the *"Sandstrom"* charge, argued in the Appellate Division that such language was objectionable under *United States v. Robinson*, 545 F.2d 301 (2d Cir. 1976), a federal case disapproving a charge similar to that in *Sandstrom*. However, this clearly was not a separate point in petitioner's appellate brief, and it appears to have been included merely to add weight to petitioner's principal and express appellate argument, namely, that the trial court erred in declining to charge criminal facilitation as a lesser included offense. The dangers of the *"Sandstrom"* language were apparently pointed out for the purpose of emphasizing that in the context of an assertedly close fact question regarding intent, the failure to charge criminal facilitation was reversible error. Moreover, petitioner conceded to the Appellate Division that he had failed to object at trial to the *"Sandstrom"* charge, but argued instead that a waiver should not be found in his case.

In addition, in contrast to *Washington*, the State in the instant case *did* bring to the attention of the Appellate Division petitioner's failure to object to the portion of the charge he sought to attack on appeal.[1] Thereafter, having noted its objection, the State opposed petitioner's argument on the merits. The Appellate Division affirmed petitioner's conviction without opinion and the New York Court of Appeals denied leave to appeal.

Thus, the Court was faced, as were the Courts in *Washington*, with the difficult question, made necessary by *Wainwright*, of

---

1. The State's consolidated appellate brief, at p. 17, stated:

> "Also assailed by appellant Guichard as reversible error, despite his failure to object to it below, is the court's 'natural and probable consequences' charge ...."

Although this objection to the tardiness of the claim was not extensive, it was based upon well-known rules of trial and appellate practice—clearly embodied in N.Y.Crim.Proc.Law § 470.05 subd. 2—and even without elaboration would no doubt be recognizable to the Appellate Division. In any event, it was no concession of appealability, *cf. Matarese v. LeFevre*, 514 F.Supp. 128 (E.D.N.Y.1981), and in part distinguishes this case from *Washington*.

what inference regarding procedural default may fairly be drawn from an appellate court's affirmance without opinion. While the Court has studied the opinion in *Washington*, we continue to be of opinion that the case at bar is governed by *Taylor v. Harris, supra*. In that case, the Court of Appeals for this Circuit considered the habeas petition of Guichard's co-defendant and concluded that no relief from his failure to object at trial to a "Sandstrom" charge could be inferred from the Appellate Division's affirmance without opinion. The Court stated:

"Our position does not change because Taylor's co-defendant Bernard Guichard raised this claim in a post-trial motion to vacate judgment and on an appeal which ended with its being rejected without opinion by New York's Appellate Division

. . . .

\* \* \* \* \* \*

" . . . silence on the part of the Appellate Division is more properly viewed as a decision not to sidestep the general rule requiring a contemporary objection than as a consideration and rejection of a procedurally waived claim. We need not decide whether, in the absence of explanation, state court denial of post-conviction relief always implies that the merits of a claim were not reached because of a procedural default, cf. "*Alburquerque v. Bara*, 628 F.2d 767, 772 (2d Cir. 1980) . . . ." *Taylor v. Harris, supra*, 640 F.2d at 2 n.3.

It appears from this language that it will be the rare case where a federal habeas court concludes that a State court, with a *total* "absence of explanation," relieved an appellant of a conceded procedural default. Compare *Ulster County Court v. Allen*, 442

U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979) (State courts' silence regarding procedural default issue was in context of several opinions expressly deciding case on merits); and *Alburquerque v. Bara*, 628 F.2d 767, 772 (2d Cir. 1980) (in context of remand for express purpose of determining whether procedural default had occurred, Appellate Division decision contained "no reasoned, factually substantiated opinion" finding default).

Petitioner argues, nonetheless, that *Washington* "has now made clear that the absence of an objection to *Sandstrom* error at trial does not constitute procedural default barring habeas corpus if the issue is duly raised in the Appellate Division." Barrett Letter, dated June 9, 1981, at 1. Questions of procedural bar under *Wainwright*, however, are to be determined "on a case by case basis," *Gruttola v. Hammock*, 639 F.2d 922, 929 (2d Cir. 1981), and this Court is unable to read *Washington* so broadly. Were petitioner's contention adopted, we would be forced to conclude that the Appellate Division's complete silence signified a refusal on procedural grounds to consider the *Sandstrom* claim as to Taylor while that same silence as to co-defendant Guichard signified a consideration and rejection of that claim on its merits. Since Taylor and Guichard were tried together and their appeals were responded to by the State in a consolidated brief and decided on the same day, such a result would appear strained to the point of artificiality.[2]

A more likely conclusion, in the Court's view, is that the Appellate Division considered inappropriate the exercise of its narrow discretion to relieve either Taylor or Guichard of their waivers at trial. As the

2. Petitioner argues that such a bifurcated interpretation of the Appellate Division's treatment of the appeals is appropriate since Taylor's appellate brief did not argue the point while Guichard's brief did. However, on appeals from a single trial responded to in a consolidated brief and decided on the same day, it would be difficult to say that the *Sandstrom* argument had never been raised before the court considering the appeal from Taylor's trial. It would seem that if the *Sandstrom* error, if any,

had been so egregious as to justify the Appellate Division's exercise of an extraordinary discretion to relieve Guichard of his waiver, that court would not be so niggardly as to refuse consideration of that same error as to Taylor solely because his attorney had neglected to include the point in his appellate brief. It appears to this Court that this was the rationale implicit in the discussion in *Taylor v. Harris*, 640 F.2d 1, 2 n.3 (2d Cir. 1981).

948

Court's earlier memorandum discussed, in the context of the overall charge, the Court doubts that the Appellate Division would have concluded that because of the unrepeated appearance of the disapproved language in an otherwise proper charge, "the entire trial [was] irreparably tainted." *People v. Patterson*, 39 N.Y.2d 288, 383 N.Y.S.2d 573, 578, 347 N.E.2d 898 (1976), *aff'd sub nom., Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977).[3]

Finally, even if the Court were to reach the merits of petitioner's *Sandstrom* claim, we would be forced to reaffirm the conclusions of our earlier memoranda that if there had been an infirmity in petitioner's charge, it could not be said that "by itself [the error] so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten*, 414 U.S. 141, 147, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973).

Accordingly, the Court adheres to its earlier denial of the petition for a writ of habeas corpus and the motion for reconsideration is denied.

SO ORDERED.

---

**3.** We reach this conclusion without deciding the State law question, also avoided in *Washington*, whether the decision in *People v. Thomas*, 50 N.Y.2d 467, 429 N.Y.S.2d 584, 407 N.E.2d 430 (1980), represented what had always been the implicit rule in New York, or whether *Thomas* limited the Court of Appeals' jurisdiction by its interpretation of *People v. Patterson*, 39 N.Y.2d 288, 383 N.Y.S. 573, 347 N.E.2d 898 (1976).