# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 14, 2022

Lyle W. Cayce
Clerk

_____

No. 21-30734

_____

STATE OF LOUISIANA; STATE OF MONTANA; STATE OF ARIZONA; STATE OF ALABAMA; STATE OF GEORGIA; STATE OF IDAHO; STATE OF INDIANA; STATE OF MISSISSIPPI; STATE OF OKLAHOMA; STATE OF SOUTH CAROLINA; STATE OF UTAH; STATE OF WEST VIRGINIA; COMMONWEALTH OF KENTUCKY; STATE OF OHIO,

*Plaintiffs—Appellees*,

*versus*

XAVIER BECERRA, *Secretary, U.S. Department of Health and Human Services*; UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES; CHIQUITA BROOKS-LASURE; CENTERS FOR MEDICARE AND MEDICAID SERVICES,

*Defendants—Appellants*.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:21-CV-3970

_____

Before SOUTHWICK, GRAVES, and COSTA, *Circuit Judges*.

No. 21-30734

Per Curiam:*

The plaintiffs in this case, who are appellees here, have filed what they label an emergency motion to allow the district court to grant leave to amend the complaint that challenges one of the federal COVID-19 vaccine mandates. A central part of the motion is that the case be returned to district court for new proceedings and new relief. The district court's preliminary injunction blocking enforcement of the mandate is already on appeal here — an injunction that the Supreme Court earlier stayed.

We give some background to explain why a motion regarding the amendment of the complaint had to be filed here. To do so, we first summarize what has occurred in the case so far, including the recent district court proceedings to start the process of amending the complaint. Next, we discuss the procedural rules that plaintiffs-appellees invoke not only to authorize the amendments but also to return the case to the district court over the objection of the defendants-appellants. Finally, we examine two proposed amendments and decide whether to permit them.

Crucially, the core of the plaintiffs' motion is to receive authority to renew their challenge to the mandate based on a new alleged constitutional defect, an allegation that could have been made originally, and, indeed, imperfectly was. We do not authorize any amendments to the complaint.

*I. Procedural background*

This case is before us as an interlocutory appeal from a preliminary nationwide injunction that prevented enforcement of one of the federal COVID-19 vaccine mandates. This mandate was issued by the Centers for

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

Medicare and Medicaid Services ("CMS") on November 5, 2021, and applies to certain healthcare workers. We earlier stayed the effect of the injunction outside of the 14 states who were plaintiffs in the suit. *Louisiana v. Becerra*, 20 F.4th 260, 264 (5th Cir. 2021). On January 13, 2022, the United States Supreme Court stayed the injunction in its entirety, concluding that the defendants had shown a likelihood of ultimate success in having the injunction overturned. *Biden v. Missouri*, 142 S. Ct. 647, 654–55 (2022). The appeal resolving the merits of the preliminary injunction is pending in this court. The defendants have filed their brief, and the plaintiffs' response is due on March 2, 2022.

Presumably reacting to the Supreme Court's prediction that the injunction as issued would not survive appellate scrutiny, the plaintiffs on February 4, 2022, moved in district court for authority to file a second amended complaint. Two proposed amendments are at issue in the present motion. One amendment would add a challenge to new CMS guidance issued on January 25, 2022, that plaintiffs described as "new agency action incorporating and extending the challenged CMS vaccine mandate against an additional category of state employees." The plaintiffs refer to the guidance as a "Surveyor Vaccine Mandate." The amended complaint also would add the constitutional claim that the vaccine mandates challenged in this suit violate the Anti-Commandeering Doctrine.

The defendants in district court responded that the district court had no authority to amend the complaint because of the pending appeal in this court. The civil and appellate rules, though, provide a means for seeking such authority from this court. Those rules are our next subject.

## II. *District court indicative ruling, and possible circuit court remand*

To set the stage, we remind that there has been no final judgment in the district court, only a grant of a preliminary injunction and then the taking

of an interlocutory appeal under 28 U.S.C. Section 1292(a). "An appeal from the grant or denial of a preliminary injunction does not divest the trial court of jurisdiction or prevent it from taking other steps in the litigation while the appeal is pending." WRIGHT, MILLER, AND KANE, 11A FEDERAL PRACTICE & PROCEDURE § 2962 (3d ed. 2021). Further, while an appeal of an injunction is pending, the district court may "suspend, modify, restore, or grant an injunction" to secure the opposing party's rights. FED. R. CIV. P. 62(d) (repeating the language of Section 1292(a)(1)). This court has interpreted such language as meaning that a "district court may not alter the injunction once an appeal has been filed except to maintain the status quo." *Coastal Corp. v. Texas Eastern Corp.*, 869 F.2d 817, 819 (5th Cir. 1989).

This court has on a few occasions considered a plaintiff's amending of the complaint while an appeal is occurring. In one case, a plaintiff took an interlocutory appeal from denials of immunity to defendant officials in a Section 1983 case. *Wooten v. Roach*, 964 F.3d 395, 401 (5th Cir. 2020). While the appeal was pending, the plaintiff amended her complaint in a manner that affected an aspect of the case being considered on appeal. *Id.* at 403. A district court has no authority to "alter the status of [a] case as it rests before the Court of Appeals." *Id.* (quoting *Coastal Corp.*, 869 F.2d at 820).[1]

*Wooten* is an example of the following principles. On the one hand, "a district court is divested of jurisdiction upon the filing of the notice of appeal with respect to any matters involved in the appeal. However, where an appeal is allowed from an interlocutory order, the district court may still proceed with matters not involved in the appeal." *Taylor v. Sterrett*, 640 F.2d

---

[1] Our decision in *Wooten* relied on a three-decade earlier opinion in which we held that during the pendency of an interlocutory appeal by defendants, the district court did not have jurisdiction to allow an amendment to the complaint that would "alter the status of the case" before the appellate court. *Wooten*, 964 F.3d at 403–04 (discussing *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990)).

No. 21-30734

663, 667–68 (5th Cir. 1981). Error occurs when the "amended pleading . . . alter[s] the status of the appeal." *Wooten*, 964 F.3d at 404.

When a district court does not have authority to grant a particular motion during the pendency of an appeal, one of the court's options is to "state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1. In this case, the district court on February 9, 2022, entered an order stating that it did not have jurisdiction to grant the motion to amend. Nonetheless, it indicated it would grant the motion in part:

> in the event the United States Court of Appeals for the Fifth Circuit sees fit to remand the matter to this Court for disposition, it would GRANT the Plaintiff States' Motion for Leave to File Second Amended, Supplemental, and Restated Complaint only with regard to the issues of the alleged Surveyor Vaccine Mandate, and the alleged violation of the Anti-Commandeering Doctrine.

Having received an "indicative ruling" from the district court, plaintiffs have now come to us with their emergency motion. Under Federal Rules of Appellate Procedure 12.1(a) and (b), once a movant notifies this court of an indicative ruling, we have authority to remand so that such an order can be entered. Key for the plaintiffs on their motion now is that they seek more than just an amended complaint. They wish the district court to be granted authority to consider relief both against the Surveyor Vaccine Mandate and against the November mandate based on their new constitutional theory. Though bold, the plaintiffs are not without some support in the appellate rules for their request. We have the option not only to remand to allow the order to be entered while retaining jurisdiction here, but we also may dismiss the appeal to allow the case to proceed without limitation in district court. Fed. R. App. P. 12.1(b).

What the plaintiffs actually seek is candidly revealed in their reply brief on the motion to remand. They want the district court to be able again to consider blocking the entire vaccine mandate. In the proposed amended complaint is a request for an order "[t]olling the Mandates' compliance deadlines pending judicial review." The district court did not indicate that it would, or would not, enter such an order. The unstated emergency nature of the motion seems to be that the district court should be authorized to consider a new injunction (or "tolling") to be entered immediately before the vaccine mandates go into effect or, failing that, as soon thereafter as possible.

### III.  The two amendments

#### A.  Anti-commandeering doctrine

The plaintiffs are seeking to add to their complaint that the vaccine mandate relevant here violates the anti-commandeering doctrine. That doctrine provides that the States cannot be commanded by the federal government to administer a federal regulatory program. *Brackeen v. Haaland,* 994 F.3d 249, 298–99 (5th Cir. 2021). Though this doctrine was not identified in the complaint as a basis for invalidating the mandate, the plaintiffs presented arguments about the doctrine in their motion for a preliminary injunction. The plaintiffs argued that the vaccine mandate violated the anti-commandeering doctrine because it directs state-run hospitals and state surveyors to enforce federal policy. The district court's opinion on the preliminary injunction discusses this argument along with "other constitutional issues" in determining the likelihood of success by the plaintiffs on the merits. The district court found that there was no evidence as to which of the health care facilities subject to the mandate were private and which were operated by the States. Thus, the doctrine was considered but rejected as a basis to rule. The district court relied on other perceived constitutional defects and enjoined the mandate. Neither this court nor the

Supreme Court made any rulings about the anti-commandeering doctrine.

We see no basis for adding this new constitutional theory to the case now. Nothing has changed in the authority being utilized by CMS for the mandate. True, there may be expansion of its reach by the new, January 25 guidance that the plaintiffs label the Surveyor Vaccine Mandate. Yet, if the anti-commandeering doctrine is implicated by the CMS mandate, that claim could have been brought at the very beginning of this case. Indeed, the district court considered the argument even without the complaint's identifying the doctrine and rejected it as not having been proven. For us to send the case back so an effort could be made by the plaintiffs to plead and prove the doctrine more effectively than they did earlier is not a proper use of Appellate Rule 12.1.

### B. Surveyor Vaccine Mandate

Plaintiffs also wish to add to their complaint a challenge to guidance issued by CMS in a January 25, 2022 publication entitled "Vaccination Expectations for Surveyors Performing Federal Oversight." The district court summarized it as establishing "a new vaccine mandate on state employee surveyors who survey and report whether Medicare and Medicaid facilities are complying with applicable regulations, including the November 5, 2021 CMS Vaccine Mandate." Among other objections, this decision to expand the coverage of the mandate was said to violate the Administrative Procedures Act. The defendants insist this is not a new mandate but simply guidance as to application of the November vaccine mandate to individuals who were not originally subject to it. The January 25 memorandum provides that these surveyors, if not vaccinated, are not to be part of any onsite evaluation of Medicare and Medicaid providers, but defendants say the guidance is given only as "expectations" without any authority retained by CMS or given to others to enforce it.

No. 21-30734

The guidance itself says this: "CMS is expanding on the exclusionary criteria for all surveyors . . . entering provider and supplier locations to include vaccination status."  By its own terms, then, the guidance adds surveyors to the group of unvaccinated individuals who are excluded from entering certain Medicare and Medicaid facilities.  Consequently, we do not need to decide if there is some other method, besides an amendment here, for plaintiffs to challenge the later guidance.  It is enough that we conclude that the January 25 guidance is an extension of the November Vaccine Mandate.  Consequently, any invalidation of the November mandate will make this later guidance vestigial and potentially of little effect.

The plaintiffs also argued in district court, and now to this court in the present motion, that the "rationale" for the November vaccine mandate has vanished.  The argument is based on the facts that a milder strain of the COVID-19 virus now dominates as opposed to the one that reigned in November. Further, the plaintiffs argue that there has been widespread withdrawal of other federal, state and local mandates for vaccination, leaving the one for workers in medical facilities an arbitrary remnant.

Even if those changes have occurred, a court may overturn an agency's ruling "only if it is arbitrary, capricious, an abuse of discretion, not in accordance with law, or unsupported by substantial evidence *on the [agency] record.*"  *Buffalo Marine Servs. Inc. v. United States*, 663 F.3d 750, 753 (5th Cir.2011) (emphasis added).  Indeed, "[a]gency action is to be upheld, if at all, on the basis of the record before the agency at the time it made its decision." *Louisiana ex rel. Guste v. Verity*, 853 F.2d 322, 327 n.8 (5th Cir. 1988).  It could be the district court recognized those limitations, as the court did not accept the plaintiffs' proposal to add to the complaint that the rationale for the mandate no longer exists.  The district court's indicative ruling summarized five new assertions in the amended complaint, then stated it would allow amendment *only* to add the anti-commandeering theory and a

No. 21-30734

challenge to the January 25 guidance. The court did not indicate acceptance of any amendment to include allegations about changed conditions having invalidated the original rationale. Thus, there is no basis under our Federal Rule of Appellate Procedure 12.1 to remand to allow that allegation.

Thus, we do not grant authority to add a claim about what appears to be a minor (in terms of the individuals affected) extension of the existing mandate. Moreover, we will not allow that extension, if that is what it is, to cause a reopening of the sufficiency of the factual basis for CMS's earlier vaccine mandate. Finally, judicial review of agency action evaluates the facts revealed in the administrative record and the legal arguments relating to that record. Even if we have some authority to say an agency's reasoning has timed out, neither this court nor the district court can be put in the position of re-analyzing this mandate with every new version of this virus.

IT IS ORDERED that the plaintiff states' opposed motion to remand the case to the United States District Court, Western District of Louisiana, Monroe, is DENIED.