■ In the Matter of the Town of North Hempstead, Respondent. Sands Point Marina, Inc., Appellant.— Appeal from an order of the County Court, Nassau County, entered March 28, 1966, which *inter alia* confirmed the final report of Commissioners of Estimate. On the court's own motion, the appeal is transferred to the Appellate Term of the Supreme Court for the Ninth and Tenth Judicial Districts. Although the appeal to this court is authorized (Nassau County Administrative Code, § 11–57.0 [L. 1939, ch. 272, 701–709, as amd.]), this court has vested in said Appellate Term jurisdiction of appeals from orders made by said County Court in civil cases (order of this court ADM 127-14, dated Dec. 14, 1967, eff. Jan. 2, 1968), pursuant to the Constitution of New York (Art. VI, § 8, subd. d); and this appeal should be determined by said Appellate Term. Brennan, Acting P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.

■ Larghi Construction Co., Inc., Respondent, v. Suffern Knolls, Inc. et al., Appellants, et al., Defendants.— Appeal by defendants Suffern Knolls Inc. and Franklin Homes Inc. from an order of the Supreme Court, Rockland County, dated February 19, 1968, which denied a motion to vacate or modify plaintiff's demand for a bill of particulars. (Appeal insofar as taken by defendants Mellen and Shaffer has been abandoned.) Order modified, on the law and the facts, so as to (1) strike out of the decretal paragraph thereof the words " in all respects " and (2) substitute therefor the following: " granted, to the extent that item 1 of the demand is deleted and items 2(c) and 3(d) thereof are amended so as to substitute the word ' approximate ' for ' exact ' and that the motion is otherwise " [denied]. As so modified, order affirmed, without costs. Item 1 demands particularization of certain payments which are admitted in the pleadings; it therefore is unnecessary. Items 2(c) and 3(d) demand the " exact location " of certain conditions and work; the " approximate location " is all that need be furnished. Beldock, P. J., Christ, Brennan, Benjamin and Martuscello, JJ., concur.

■ The People of the State of New York, Respondent, v. Luvin Gory, Appellant.— Judgment of the County Court, Dutchess County, rendered October 11, 1966, affirmed. Defendant was convicted of the unlawful sale and possession of narcotic drugs (former Penal Law, §§ 1751, 1751-a) on the testimony of a police undercover agent who made a purchase of marijuana from defendant. The overwhelming weight of the evidence, in our opinion, established that defendant did not act solely as an agent of the buyer; that there was no entrapment, even if it be assumed that entrapment was a defense prior to the effective date of the present Penal Law; and that the police agent was not an accomplice whose testimony required corroboration (cf. *People* v. *Wright,* 20 A D 2d 652, affd. 15 N Y 2d 555; *People* v. *Granger,* 29 A D 2d 569; *People* v. *Pasquarello,* 282 App. Div. 405, affd. 306 N. Y. 759). Beldock, P. J., Christ, Brennan, Rabin and Benjamin, JJ., concur.

■ The People of the State of New York, Respondent, v. Albert Griffin, Appellant.— Order of the Supreme Court, Kings County, dated August 4, 1966, affirmed (*People* v. *Jackson,* 26 A D 2d 652; *People* v. *Ramsey,* 28 A D 2d 1101). Beldock, P. J., Brennan and Rabin, JJ., concur; Christ and Benjamin, JJ., concur, with the following memorandum: While we adhere to the views expressed in our dissent in *People* v. *Jackson* (26 A D 2d 652), we are constrained to vote to affirm on the authority of the majority's ruling therein.