Per Curiam.

We are called on for another interpretation of the definition of accomplice set forth in CPL 60.22.
The gravamen of the charges of perjury of which defendant was convicted was that he had lied under oath before a Grand Jury with respect to his involvement in payments made for police protection by persons engaged in illegal gambling activities. We hold that those persons who testified at defendant’s trial with respect to his and their own activities in connection with such payments were not accomplices. Thus defendant’s contention is unavailing that his conviction must be reversed on the ground that such testimony was unsupported by corroborative evidence.
With the adoption in 1970 of CPL 60.22, "the definition of an accomplice as the term is applied to witnesses [was broadened] in order to provide a more equitable, operable and consistent standard for the courts in determining when the requirement of corroboration is applicable” (McKinney’s Cons. Laws of NY, Book 11A, CPL 60.22, Practice Commentary, p 195; see People v Brooks, 34 NY2d 475). The witnesses here, however, do not fall within such broadened definition.
No one suggests that the coparticipants in the briberies fall within the scope of paragraph (a) of subdivision (2)—i.e., that they may reasonably be considered to have participated in defendant’s perjury, the offense charged. Nor, we conclude, do they come within the sweep of paragraph (b). While each may have been a participant in bribery, such activity constituted no part of the crime of perjury—false swearing. Had defendant been on trial for bribery, CPL 60.22 would have been applicable; he was here charged, however, with the separate and distinct offense of perjury. The issue is obscured by the circumstance that defendant was involved in two criminal activities, bribery and perjury. Analysis may be advanced by suggesting that had the perjury charge comprised allegations that defendant had given false testimony as to an entirely innocent conversation, his partner-conversationalist would not be thought of as an accomplice. Conceptually the situation here is no different. To hold, as defendant would have us, that it should suffice to show only that the particular witness was "in some way implicated” in defendant’s criminal activity would be to stretch the statute far beyond the ambit intended by the Legislature. It is critical that defendant was charged with perjury and not bribery.
We turn briefly to one other issue. The prosecutor elicited *823 testimony from a police officer that one Richard Ramos, the reputed leader of the interstate gambling syndicate under investigation by the Grand Jury had appeared before the Grand Jury and had "answered questions”. The contention is that since Ramos was unavailable at the trial he was thereby made an unimpeachable witness against defendant. In fact, as the prosecutor knew, or surely should have known, Ramos, after giving his name and address, refused to answer further questions before the Grand Jury and was convicted of contempt. The People concede that the introduction of this imprecise and even deceptive testimony as to Ramos’s appearance before the Grand Jury was improper and indefensible. We agree.
In the circumstances disclosed in this record we conclude, however, that excising the misleading testimony, there was overwhelming proof of defendant’s guilt. Three actively involved witnesses testified in compelling detail as to defendant’s personal role in the payments for police protection, while uncontradicted proof was offered of his denials of such participation under oath before the Grand Jury. The quantum and nature of this proof are so logically compelling and forceful as to lead to the conclusion that a fair-minded jury would almost certainly have convicted defendant. (People v Crimmins, 36 NY2d 230.) We further conclude that, in the circumstances here, there was not a significant probability that the jury would have acquitted defendant had it not been for the conceded error (People v Crimmins, supra). Indeed we conclude on this record that there is no reasonable possibility that the error might have contributed to defendant’s conviction and that it was thus harmless beyond a reasonable doubt (Chapman v California, 386 US 18).
It remains only to note that while the conduct of the prosecutor cannot be condoned, it did not reach a level of such gross impropriety as to dictate a reversal (cf. People v Savvides, 1 NY2d 554).
The order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Order affirmed.