■ In the Matter of the TOWN OF GREENBURGH, Respondent, Relative to Acquiring Title to Real Property in the Town of Greenburgh for a Public Housing Project. GREENBURGH HOUSING AUTHORITY, Respondent; JAY M. MOSHER et al., Appellants.—In a condemnation proceeding, the appeal is from a final order of the Supreme Court, Westchester County, entered February 11, 1975, which, *inter alia,* confirmed a report of commissioners of appraisal. Order affirmed, without costs or disbursements. No irregularity in the proceedings is claimed. As the award of the commissioners of appraisal was not based upon an erroneous principle of law and does not shock one's sense of justice or conscience, it may not be rejected (see *Matter of Huie [Fletcher—City of New York],* 2 NY2d 168). Latham, Acting P. J., Damiani, Christ, Shapiro and Titone, JJ., concur.

■ In the Matter of VANISHING POINT, 112 PATCHOGUE, INC., et al., Petitioners, v MICHAEL ROTH et al., Constituting the STATE LIQUOR AUTHORITY, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review respondents' determination, dated January 12, 1976 and made after a hearing, which cancelled the corporate petitioner's special on-premises liquor license. Determination confirmed and proceeding dismissed, on the merits, without costs and disbursements. The record supports the determination under review. Latham, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.

■ In the Matter of HARVEY G. WOLFE, an Attorney.—Attorney Harvey G. Wolfe, who was admitted to the Bar by this court on March 29, 1961, has submitted an affidavit dated January 28, 1976, in which he tenders his resignation as an attorney and counselor at law. On March 28, 1974 Mr. Wolfe was charged, in an eight-count indictment, with grand larceny in the second degree (two counts) and grand larceny in the third degree (six counts). On June 5, 1975 a plea of guilty to petit larceny, a Class A misdemeanor, was accepted upon the conditions that he resign from the Bar and make restitution. Under the circumstances herein, Mr. Wolfe's resignation as a member of the Bar is accepted and directed to be filed; and it is ordered that his name be struck from the roll of attorneys and counselors at law, effective immediately. Gulotta, P. J., Hopkins, Martuscello, Latham and Cohalan, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK Respondent, v ANDREW BECK, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered July 7, 1975, convicting him of perjury in the first degree, upon a jury verdict, and imposing sentence. Judgment affirmed. The proof of defendant's guilt was overwhelming. There was full compliance with the "two witness rule"; there was no need for corroboration of the testimony of defendant's coparticipants in the crimes of bribery since he was being tried for the distinct and separate crime of perjury, a crime in which they had not been participants (see *People v McAuliffe,* 36 NY2d 820). Hopkins, Acting P. J., Martuscello, Latham, Christ and Hawkins, JJ., concur.