■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH T. DENNISON, Appellant. — Judgment unanimously reversed, on the law and facts, and indictment dismissed. Memorandum: Defendant, a former Buffalo police officer, appeals his conviction of hindering prosecution in the third degree (Penal Law, § 205.55) and divulging an eavesdropping warrant (Penal Law, § 250.20). The jury acquitted him of companion charges of bribe receiving in the second degree (Penal Law, § 200.10) and receiving a reward for official misconduct in the second degree (Penal Law, § 200.25). On appeal defendant contends that the trial court (1) erred in ruling that an informant-witness was an accomplice only as to the charge of bribe receiving, and (2) further erred in instructing the jury that a tape recording of the conversation with the informant was corroborative proof. The defendant was charged in a four-count indictment with (1) bribe receiving, (2) receiving a reward of official misconduct, (3) hindering prosecution, and (4) divulging an eavesdropping warrant. All four charges arose from one incident during the year 1972 in which defendant "tipped" one Thomas Gascoyne, a career criminal, about a wiretap on a telephone utilized by Gascoyne to commit burglaries. In return for this information, Gascoyne claimed he paid the defendant $500. On March 21, 1978 when Gascoyne was working as an undercover informant for the FBI, he met with the defendant and engaged him in conversation about the prior tip. This conversation, recorded with a body recorder, was an integral part of the People's direct proof, which otherwise consisted of the testimony of Gascoyne and one other incidental witness. At the close of the People's case, defendant moved to dismiss on the ground that Gascoyne was an accomplice on all counts in the indictment as a matter of law. The prosecutor argued that Gascoyne was an accomplice on the bribe receiving count only. The court denied defendant's motion. In its instructions to the jury, the court denominated Gascoyne an accomplice only under the first count in the indictment (bribe receiving) and only as to that charge did the court instruct the jury that his testimony had to be corroborated. The court defined an accomplice as: "a witness in a criminal action who, according to the evidence adduced in such action, may reasonably be considered to have participated in the offense charged." The court further instructed the jury that the remaining three counts of the indictment were "unilateral act[s]" which did not require corroboration. This was error. CPL

60.22 (subd 2) defines an "accomplice" as follows: "An 'accomplice' means a witness in a criminal action who, according to evidence adduced in such action, may reasonably be considered to have particpated in: (a) The offense charge; *or* (b) *An offense based upon the same or some of the same facts or conduct which constitute the offense charged*." (Emphasis added.) On this record, Gascoyne was not an accomplice as to Count Nos. 2, 3 and 4 pursuant to the criteria established in CPL 60.22 (subd 2, par [a]) since Gascoyne could not have particpated in these crimes. However, the corroboration statute's definition of an accomplice differs significantly from the Penal Law section that provides for accomplice criminal liability (Penal Law, § 20.00). Thus, even though a witness is not liable criminally as an accomplice for the offense being tried, a witness may nevertheless be an accomplice for corroboration purposes pursuant to CPL 60.22 (subd 2, par [b]), if that witness may reasonably be considered to have participated in an offense based upon some of the facts or conduct which makes up the offense on trial *(People v Berger,* 52 NY2d 214, 219). On review, it is readily apparent that the court failed to consider or charge the statutory definition of an "accomplice" contained in CPL 60.22 (subd 2, par [b]) when deciding whether Gascoyne was an accomplice as to Count Nos. 2, 3 and 4 of the indictment. By his testimony, Gascoyne paid a bribe to a police officer in return for information that his telephone had been tapped. Count No. 3 of the indictment charged defendant with hindering prosecution in that he warned Gascoyne of impending discovery and apprehension by advising of the eavesdropping warrant obtained by law enforcement officials for the telephone utilized by Gascoyne for the commission of crimes. Count No. 4 charged the defendant with divulging the existence of the eavesdropping warrant. The indictment states that "the offenses alleged in the aforementioned counts of this indictment are based upon the same criminal transaction." Therefore, on this record, Gascoyne is an "accomplice" within the statutory definition contained in CPL 60.22 (subd 2, par [b]). Since Gascoyne was an accomplice as a matter of law, his identification of the defendant's voice on the tape could not serve as independent corroborative proof of his own testimony connecting defendant with the crimes charged *(People v Cona,* 49 NY2d 26). Other than Gascoyne's testimony, the record is devoid of any nonaccomplice testimony identifying defendant's voice on the tape recording. Hence, there was no corroborative proof to support defendant's conviction on Count Nos. 3 and 4 and the trial court erred in denying defense counsel's motion to dismiss at the end of the People's case. Consequently the conviction must be reversed and the indictment dismissed. (Appeal from judgment of Erie Supreme Court, Sedita, J. — hindering prosecution, third degree, etc.) Present — Cardamone, J. P., Simons, Callahan, Doerr and Moule, JJ.