■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY D. RUGG, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered December 9, 1980, upon a verdict convicting defendant of the crime of criminal facilitation in the fourth degree. On September 8, 1978, with a view to recovering insurance proceeds from the Royal Globe Insurance Company, Raymond De Gonza, Reed Dames, and Daniel Lamphere participated in a staged automobile "accident". All three filed claims for feigned injuries and nonexistent lost wages allegedly incurred as a result of the "accident". Dames and Lamphere collected $2,100 each; De Gonza received $1,500. Defendant Rugg, De Gonza's brother-in-law, was indicted along with three of the perpetrators on three counts of grand larceny in the second degree because he supposedly furnished the insurance company fraudulent wage verification statements and stubs to support the claims for lost wages even though the claimants were not employed by him at the time. De Gonza pleaded guilty and Lamphere was granted immunity in return for his testimony before the Grand Jury and at defendant's trial. As there was no evidence linking defendant to the money received by Dames and Lamphere, the court dismissed the first two counts of the indictment against him. The court also reduced the third count of the indictment, relating to De Gonza's recovery, to grand larceny in the third degree, and submitted instructions to the jury concerning the lesser included offense of criminal facilitation in the fourth degree. Defendant was acquitted of grand larceny, but convicted of criminal facilitation. The chief issue presented concerns the trial court's refusal to hold that Lamphere was an accomplice. While it was conceded by all that De Gonza was an accomplice, the court accepted the prosecution's argument that dismissal of the count relating to the funds Lamphere received meant that the latter was effectively no longer

an accomplice subject to the corroboration requirements of CPL 60.22. We disagree and accordingly reverse. At the outset, we note that defense counsel's motion for a trial order of dismissal based upon the lack of corroboration of Lamphere's testimony was sufficient to preserve the issue for appeal (*People v Cona*, 49 NY2d 26, 37, n 3; CPL 470.05, subd 2). A person who participates in "the offense charged" or "an offense based upon the same or some of the same facts or conduct which constitute the offense charged" is an accomplice for corroboration purposes (CPL 60.22). Here, the offense for which defendant was being tried was an integral component of an insurance scam which Lamphere had apparently planned. Lamphere was one of the prime movers in the scheme; he not only drove one of the automobiles involved in the "accident" but also drew De Gonza into the project. The mere fact that the count relating to the $2,100 Lamphere collected was dismissed is not enough to remove his testimony from the purview of section 60.22. To determine whether a person is an accomplice for corroboration purposes, the entire criminal enterprise must be looked to (*People v Cona, supra,* p 35). Defendant was convicted of facilitating an insurance fraud by making it possible for De Gonza to collect for the "accident". Had the "accident" not occurred, defendant could not have been convicted. Hence, any person who, like Lamphere, was involved in the staging of the "accident" and allegedly saw defendant give De Gonza a false wage statement or the wage stubs is an accomplice of defendant as a matter of law. We are mindful of the possibility that a person may be an accomplice for one offense and not for another, where two separate and distinct crimes are involved (*People v Cobos*, 57 NY2d 798). Here, however, there was but one criminal scheme. We find unpersuasive the prosecution's assertion that Lamphere's status as an accomplice is irrelevant because the wage statements attributed to defendant themselves constituted independent corroborative evidence. However, the only testimony linking defendant with those statements was that of his accomplices De Gonza and Lamphere. For there to be truly independent corroborative evidence, reliance cannot be had on the testimony of an accomplice for its weight and probative value (*People v Hudson*, 51 NY2d 233, 238; *People v Kress*, 284 NY 452, 460). Furthermore, aside from De Gonza's testimony, there was no proof that the signature on those statements was defendant's. Under these circumstances, the wage statements and stubs cannot stand on their own, for they are "subject to the very untrustworthiness against which the statute seeks to protect" (*People v Hudson, supra*, p 239; see *People v Ohlstein*, 44 NY2d 896, affg 54 AD2d 109; *People v Gaines*, 87 AD2d 616, mot for lv to app den 56 NY2d 1037). Judgment reversed, on the law, and indictment dismissed. Sweeney, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.