OPINION OF THE COURT
Stephen G. Crane, J.
In this prosecution for the class D felony of bribing a witness (Penal Law § 215.00), the defendant, a private investigator hired on behalf of a New York City police officer under disciplinary charges, made an omnibus motion as required by CPL 255.20 (2). This motion spawned three issues the determination *337 of which required this opinion. The defendant attacks the geographical jurisdiction of the court and faults the instructions to the grand jurors on this subject. He also questions the applicability of Penal Law § 215.00 where the witness, whose absence he allegedly solicited, was to testify merely at an administrative hearing. Finally, he challenges the sufficiency under CPL 60.22 of the evidence before the Grand Jury to corroborate the testimony of this witness, an accomplice in the bribe transaction.
I. GEOGRAPHICAL JURISDICTION
One branch of defendant’s omnibus motion seeks dismissal of the indictment on the ground the court lacks geographical jurisdiction to convict for a crime committed entirely in Florida. Defense counsel’s affirmation and oral argument expanded this branch to embrace a request to dismiss for the prosecutor’s failure to prove the geographical jurisdiction before the grand jurors and to instruct them appropriately regarding this element.
The defendant is charged with bribing Ira Butch Smith (Butch), a prospective witness in a New York City police departmental disciplinary proceeding. Defendant traveled to Florida where Butch resided, and the alleged bribery occurred there. CPL 20.20 (2) (b) authorizes prosecution in this State for acts committed entirely out of State where “[t]he statute defining the offense is designed to prevent the occurrence of a particular effect in this state and the conduct constituting the offense * * * was performed with intent that it would have such effect herein”. The Grand Jury was instructed according to this provision.
Defendant relies on an exception to CPL 20.20. The opening clause of that section allows the application of CPL 20.20 except as otherwise provided in CPL 20.30. Defendant submits that CPL 20.30 (1) prevents the attachment of jurisdiction in New York for the results of conduct lawful in the foreign jurisdiction.[1] But this subdivision actually contemplates a different situation that is virtually the reverse of the facts at bar. In his *338 Practice Commentary, Judge Denzer describes the context in which CPL 20.30 (1) operates, to wit: “[where] an anticipatory offense * * * [is] hatched or occurring in New York but intended to be consummated in another jurisdiction * * * Thus, for example, an agreement contrived in New York to operate a gambling establishment in Nevada, where such conduct is not criminal or even illegal, is not prosecutable as a conspiracy in New York” (McKinney’s Cons Laws of NY, Book 11 A, CPL 20.30, p 50 [1971]). It becomes clear, then, that for CPL 20.30 (1) arguably to apply at bar, the facts would have to establish the offer of money to the witness in New York for the purpose of persuading him to stay away from an administrative proceeding in Florida.
Closer to the actual facts at hand is the situation spelled out in CPL 20.30 (2).[2] This subdivision embraces a plan hatched outside of New York with the intent that it result in an offense in New York. (See, Denzer, Practice Commentary, op. cit., at p 51.) By the very wording of subdivision (2), however, it does not matter that the law of the place of planning fails to criminalize the intended result.
Moreover, CPL 20.30 simply does not apply to a situation where all the conduct constituting the offense, as in the case at bar, took place outside of New York. CPL 20.30 (1) applies only to an offense “partly committed within this state but consummated in another jurisdiction, or an offense of criminal solicitation, conspiracy or attempt in this state to commit a crime in another jurisdiction, or an offense of criminal facilitation in this state of a felony committed in another jurisdiction” (emphasis added). CPL 20.30 (2) applies only to an offense “partly committed in another jurisdiction, but consummated in this state, or an offense of attempt or conspiracy in another jurisdiction to commit in this state a crime defined by the laws of this state” (emphasis added). Since none of these conditions prevails in the case at bar, there is no need to examine the laws of Florida.
Finally, even if defendant were correct in relying on CPL 20.30, he would not succeed on this branch of his motion. The court takes judicial notice of the law of Florida. (CPLR 4511 [a].) *339 Florida Statutes Annotated § 918.14 (renum § 914.22) makes it a felony to induce a witness to withhold testimony in an official proceeding by a duly constituted prosecuting authority or law enforcement agency. (See also, Penal Law § 215.00.) Thus, CPL 20.30 would be satisfied if it otherwise related to the facts in this prosecution.
Since CPL 20.30 does not bar geographical jurisdiction, it becomes an inapplicable exception to CPL 20.20. There was, therefore, no need to confuse the grand jurors by furnishing them with instructions under CPL 20.30. On the contrary, the grand jurors were instructed appropriately under CPL 20.20 (2) (b). This provision pinpoints the facts in this case and is the foundation of this court’s geographical jurisdiction. It provides:
“2. Even though none of the conduct constituting such offense may have occurred within this state * * *
“(b) The statute defining the offense is designed to prevent the occurrence of a particular effect in this state and the conduct constituting the offense committed was performed with intent that it would have such effect herein”.
The phrase “particular effect” is defined in CPL 20.10 (4): “When conduct constituting an offense produces consequences which, though not necessarily amounting to a result or element of such offense, have a materially harmful impact upon the governmental processes or community welfare of a particular jurisdiction * * * such conduct and offense have a ‘particular effect’ upon such jurisdiction.”
The testimony in the Grand Jury established that the departmental trial, which defendant was trying to dissuade Butch, the Florida resident, from attending, was to take place at One Police Plaza in the County of New York. It is fair to infer that the absence of Butch would frustrate that trial and would result in an allegedly corrupt police officer going unpunished. Clearly, defendant’s conduct in Florida, if successful, would undermine the integrity of governmental processes in New York County and would be harmful to the community of this county as a whole. (See, People v Fea, 47 NY2d 70, 77; Matter of Steingut v Gold, 42 NY2d 311; CPL 20.40 [2] [c]; Temporary Commn on Revision of Penal Law and Crim Code, Proposed NY Crim Procedure Law § 10.20, Staff Comment, p 41 [1967] [“Under this paragraph, New York would have jurisdiction of, for example, a bribery offense based upon a bribe payment in Florida to a New York judge for a future favorable decision in a pending New York action”].) Since defendant’s objective was to terminate the disciplinary proceeding against his client, the corrupt police *340 officer, his intent is manifest insofar as CPL 20.10 (4) is concerned. For the foregoing reasons, defendant’s attack is without merit on the geographical jurisdiction of the court and the instructions on this subject to the Grand Jury. This aspect of his motion is denied.
II. SCOPE OF PHRASE “ACTION OR PROCEEDING”
Upon the oral argument of his omnibus motion, defendant raised another issue of law: Is a New York City Police Department disciplinary proceeding an “action or proceeding” so that bribing a witness to absent himself therefrom would constitute the offense described in Penal Law § 215.00? This point, amounting to the claim of a legal impediment to conviction (CPL 210.20 [1] [h]), was not raised in the papers supporting the omnibus motion. The court may, therefore, summarily deny relief. (CPL 210.20 [3].) Yet, the Assistant District Attorney orally responded and, if a new indictment is filed, the issue would be relitigated in an omnibus motion addressed to it. The court, therefore, considers the merits.
Defendant argues that the “action or proceeding” contemplated by Penal Law § 215.00 must be judicial and that the omission of the term “hearing” from section 215.00 excludes the police administrative proceeding involved at bar. Penal Law § 215.00 provides: “A person is guilty of bribing a witness when he confers, or offers or agrees to confer, any benefit upon a witness or a person about to be called as a witness in any action or proceeding upon an agreement or understanding that (a) the testimony of such witness will thereby be influenced, or (b) such witness will absent himself from, or otherwise avoid or seek to avoid appearing or testifying at, such action or proceeding.” This offense is derived from Penal Law of 1909, art 218, § 2440. Article 218 was entitled “Witness”. It dealt, inter alla, with immunity and competency of witnesses. Section 2440 itself made no reference to hearings, actions or proceedings.[3]
It was Penal Law of 1909 § 379, the predecessor of Penal Law § 215.05 (bribe receiving by a witness), that contained a reference to “trial, hearing, or other proceeding, before any court, or any officer authorized to hear evidence or take testimony”. This offense was found in article 34 dealing with “Bribery and Corruption”. The revised Penal Law that we have today condensed *341 the language of section 379 to the tailored phrase “any action or proceeding” which now appears in both Penal Law §§ 215.00 and 215.05.
Defendant has not referred to any authority whatsoever to show that the revisers of the Penal Law intended any shrinkage in the coverage of Penal Law § 215.00 by its redraft. Besides, Penal Law § 5.00 dictates a construction that will promote justice and effect the objects of the law. It hardly achieves these ideals to adopt defendant’s argument that would limit the scope of the offense derived from the Penal Law of 1909. To accept defendant’s limitation is to license pernicious intermeddling with witnesses in administrative proceedings. This defeats justice and the objectives of law.
An affirmative lesson in discerning the meaning of “action or proceeding” is learned by consulting CPL 50.10. Here is a provision in pari materia with Penal Law § 215.00. Section 50.10 (2) defines “legal proceeding”[4] as “a proceeding in or before any court or grand jury, or before any body, agency or person authorized by law to conduct the same and to administer the oath or to cause it to be administered.” This definition lends meaning to the word “proceeding” in Penal Law § 215.00. {See, McKinney’s Cons Laws of NY, Book 1, Statutes §§ 221-223.)[5]
The disciplinary proceeding before the Police Commissioner is obviously a proceeding conducted pursuant to law before an agency authorized to administer the oath. The Administrative Code of the City of New York provides for disciplinary proceedings against members of the police department. (Administrative Code § 434a-14.0.) The Administrative Code confers the power to administer oaths in such proceedings. (Administrative Code § 434a-33.0 [b].) Thus, the case at bar presents a proceeding before an agency — the police department — expressly authorized by law to conduct this proceeding and in which the law precisely authorizes the administration of the oath. Such a proceeding is well within the sweep of Penal Law § 215.00. A dismissal on the ground that Penal Law § 215.00 does not criminalize a bribe to a witness in a police departmental proceeding is denied.
*342 III. ACCOMPLICE CORROBORATION REQUIREMENT
By a letter dated October 16,1984, defense counsel supplemented his motion to challenge the sufficiency before the Grand Jury of the proof of corroboration of the testimony of the accomplice-bribee (CPL 60.22). Defendant does not raise any issue about the omission of legal instructions on corroboration. (See, People v Sanchez, 125 Misc 2d 394 [Sup Ct, Kings County].) Hence, it is necessary to consider only the evidence of corroboration actually placed before the Grand Jury.
Butch, the Florida resident, was to testify on September 14, 1984 in the departmental disciplinary trial. During the preceding July, defendant first contacted him. Shortly thereafter Butch became a police informant. The People do not contest Butch’s status as an accomplice because he may have been one before turning informer. (People v Cona, 49 NY2d 26.) Indeed, the bribe giver and the bribe receiver are accomplices as a matter of law. (People v Mullens, 292 NY 408, 414; see, People v Court, 43 NY2d 817, 819 [Breitel, Ch. J., dissenting]; People v Potenza, 92 AD2d 21.) Therefore, corroboration is required of Butch’s testimony implicating defendant in this bribery.
Certainly, the tape recordings the Grand Jury heard would supply this corroboration. In one recorded conversation, a voice that Butch identified as defendant’s speaks about September 14th, the date of the departmental trial; expresses concern that Butch might renege; advises that a person in Butch’s position does not have to appear because it is only an administrative trial; disputes with Butch about when the money should be paid; and talks about the same deal for another witness. This meets the test of CPL 60.22. Such evidence need not prove the crime, although the tapes in the Grand Jury seem to meet this higher standard. The corroboration merely needs to tend to connect defendant to the crime to satisfy that the accomplice is telling the truth. (People v Glasper, 52 NY2d 970, 971; People v Daniels, 37 NY2d 624, 630; People v Potenza, 92 AD2d 21, 27-28, n 3.)
Notwithstanding the capacity of the tapes to furnish corroboration, there is a separate problem that prevents the court from sustaining the sufficiency of the Grand Jury minutes. Simply stated, the corroboration must exist without reference to the accomplice’s testimony. (People v Hudson, 51 NY2d 233, 239; People v Glasper, supra.) “Since the only evidence showing that the [voice] on the tapes [belonged to defendant] * * * was the uncorroborated testimony of [Butch], the tapes may not serve as *343 corroboration of [Butch’s] other testimony.” (People v Cona, 49 NY2d 26, 32, n 1, supra.)[6]
It is not a material distinction that Cona was decided after trial. As a matter of law a defendant may not be convicted on the uncorroborated testimony of an accomplice. (People v Cona, supra, at p 35.) The test in reviewing the sufficiency of Grand Jury evidence is whether it would be sufficient, if unexplained or uncontradicted at trial, to warrant conviction. (People v Dunleavy, 41 AD2d 717, affd 33 NY2d 573; People v Ward, 37 AD2d 174, 176; People v Wallace, 101 Misc 2d 127; CPL 70.10, 190.65.) Moreover, since April 5, 1983, CPL 190.65 (1), as amended by the Laws of 1983 (ch 28), has prescribed that evidence before a Grand Jury is not legally sufficient when corroboration “required, as a matter of law, to sustain a conviction for such offense, is absent”. (See also, People v Pawley, 71 AD2d 307; People v Dingle, 70 Misc 2d 840, 841.)
Only for this defect in identifying defendant’s voice on the tapes must the indictment be dismissed. The People are given leave to resubmit[7] the case within 45 days hereof. (CPL 210.20 [4].) The defendant’s bail is continued. (CPL 210.45 [9].)

. CPL 20.30 (1) reads: “1. Notwithstanding the provisions of section 20.20, the courts of this state do not have jurisdiction to convict a person of an alleged offense partly committed within this state but consummated in another jurisdiction, or an offense of criminal solicitation, conspiracy or attempt in this state to commit a crime in another jurisdiction, or an offense of criminal facilitation in this state of a felony committed in another jurisdiction, unless the conduct constituting the consummated offense or, as the case may be, the conduct constituting the crime solicited, conspiratorially contemplated or facilitated, constitutes an offense under the laws of such other jurisdiction as well as under the laws of this state.”

. CPL 20.30 (2) reads: “2. The courts of this state are not deprived of the jurisdiction accorded them by section 20.20 to convict a person of an offense defined by the laws of this state, partly committed in another jurisdiction but consummated in this state, or an offense of attempt or conspiracy in another jurisdiction to commit in this state a crime defined by the laws of this state, by the circumstance that the conduct constituting the consummated offense or, as the case may be, the crime attempted or conspiratorially contemplated, does not constitute an offense under the laws of such other jurisdiction.”

. Section 2440 provided: “A person who gives or offers or promises to give, to any witness or person about to be called as a witness, any bribe, upon any understanding or agreement that the testimony of such witness shall be thereby influenced, or who attempts by any other means fraudulently to induce any witness to give false testimony or to withhold true testimony, is guilty of a felony.”

. Defendant fails to persuade that “proceeding” ought to be more narrowly construed than “legal proceeding”. This turns the sense of these phrases topsy-turvy.

. There is also some historical significance to the circumstance that CPL article 50, which leads off with section 50.10, is entitled “Compulsion of Evidence by Offer of Immunity”. Sections 50.10 and 50.20 redescribe the mechanics set forth in Penal Law of 1909 § 2447 for compelling testimony from a witness granted immunity. Penal Law of 1909 § 2447 shares a berth with section 2440, both of which were found within article 218.

. It is regrettable that the prosecutor, who cited only this case in his memorandum on the corroboration issue, failed in his obligation to this court by ignoring the problem of Butch’s vital role in the admission, validation and interpretation of the tapes. This merely compounds his oversight in the Grand Jury because at least one nonaccomplice witness, who testified on other matters, could easily have identified the voices on the tapes.

. The attention of the Assistant District Attorney is drawn to People v Sanchez (125 Misc 2d 394) respecting the wisdom, perhaps the legal requirement (see, People v Valles, 62 NY2d 36; People v Calbud, Inc., 49 NY2d 389), of instructing the grand jurors on the law of corroboration of accomplice testimony.