OPINION OF THE COURT
Felice K. Shea, J.
The issue presented on defendant’s motion to dismiss the indictment against him is whether the testimony of an under *435 cover police officer before the Grand. Jury was accomplice testimony and thus legally insufficient to support the indictment in the absence of corroboration. The People contend that the police witness, because he acted without criminal intent, is not an accomplice whose testimony requires corroboration, and that in any event corroborative evidence was offered. Defendant argues that he and the police witness participated in an ongoing criminal scheme predating the incidents charged, that corroboration is required but lacking, and that its absence invalidates the indictment.
The defendant is charged with three counts of bribery in the second degree in violation of Penal Law § 200.00. Count one alleges that on June 5, 1986 defendant Euston Roy Thomas paid Police Officer Henry Winter a sum of money "upon an agreement or understanding that [Winter] would utilize the Police Department computer at the stationhouse to check the license plate numbers of individuals who were taking pictures of defendant’s store, in order to identify them”. Counts two and three allege that on June 21 and August 19, 1986 the defendant paid a sum of money to Police Officer Winter "upon an agreement or understanding that [Winter] would refrain from making arrests at defendant’s drug business location.”
Winter was the sole witness at the Grand Jury. He testified he knew defendant from working as a police officer in the. 77th Precinct and that defendant was a drug dealer from whom he took money 15 or 20 times during 1985 and 1986 to protect defendant’s drug location. Winter testified further that in May 1986, upon being confronted with evidence of his own criminal conduct, he agreed to cooperate with the Office of the Special Prosecutor. In exchange for favorable prosecutorial consideration, Winter was working as an undercover government agent during the summer of 1986, acting the part of a corrupt police officer and wearing a recording device.
CPL 60.22 sets forth the requirement that accomplice testimony requires corroboration and defines "accomplice” as follows:
"1. A defendant may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense.
"2. An 'accomplice’ means a witness in a criminal action who, according to evidence adduced in such action, may reasonably be considered to have participated in:
*436 "(a) The offense charged; or
"(b) An offense based upon the same or some of the same facts or conduct which constitute the offense charged.
"3. A witness who is an accomplice as defined in subdivision two is no less such because a prosecution or conviction of himself would be barred or precluded by some defense or exemption, such as infancy, immunity or previous prosecution, amounting to a collateral impediment to such a prosecution or conviction, not affecting the conclusion that such witness engaged in the conduct constituting the offense with the mental state required for the commission thereof.”
A 1983 amendment to CPL 190.65 (1) extends the corroboration requirement to Grand Jury proceedings.[1] The question, then, is whether Police Officer Winter was an accomplice whose testimony required corroboration in order for the indictment to be legally sufficient. Did he participate in "[t]he offense charged” or "[a]n offense based upon the same or some of the same facts or conduct which constitute the offense charged” so as to bring him within the CPL 60.22 (2) definition of accomplice?
An accomplice need not be liable criminally for the offense being tried.[2] "The test * * * is whether the witness theoretically could have been convicted of any crime based on at least some of the same facts as must be proved in order to convict the defendant.” (People v Vataj, 121 AD2d 756, 759 [dissenting opn]; emphasis in original; accord, People v Berger, 52 NY2d 214, 219-220.) The determination of when a witness is an accomplice for corroboration purposes rests on an examination of the entire criminal enterprise. (People v Rugg, 91 AD2d 692, 693.)
The Special Prosecutor elicited testimony from Police Officer Winter of participation with defendant Thomas in a longstanding criminal enterprise. Winter testified that approximately 15 or 20 times starting in early 1985 and continuing in 1986 defendant gave him money and that in return Winter did not make arrests or seize money and drugs from defen *437 dant’s drug locations. The evident purpose of this testimony of multiple uncharged crimes was to flesh out for the Grand Jury defendant’s understanding of the bribe agreements and to make clear that defendant’s payment of money to Winter on the dates of the incidents charged was to obtain the benefit of police protection. Indeed, unless the history of criminal conduct were relevant to and part of the proof of the charged crimes, the testimony of prior criminal conduct on defendant’s part would be unnecessarily prejudicial and improper. (See, People v Lewis, 69 NY2d 321.)
While the purpose of the testimony of multiple uncharged crimes in which Winter participated with Thomas is clearer with regard to counts two and three of the indictment than it is with regard to count one, it is an integral part of all three. Winter testified in support of counts two and three that on June 20 and August 19, 1986 defendant gave him money and that Winter understood the money was given for protection. Defendant’s criminal intent to enter into a corrupt agreement was shown by the history of past criminal dealing between defendant and Winter. In count one, where Winter testified that in exchange for money from defendant he agreed to assist defendant in identifying people who were taking pictures of defendant’s store, the evidence of uncharged crimes explains that defendant was illegally buying police protection of his drug enterprise, albeit less directly. Under these circumstances, the 15 or 20 earlier criminal acts cannot be said to be unconnected to count one. (Cf., People v Cobos, 57 NY2d 798.)[3] Winter could have been convicted for the crimes committed before he started to cooperate. The uncharged and the charged crimes are part of the same criminal enterprise. At the least, Winter participated in some of the conduct which constituted the three bribery offenses. Thus, Winter falls under the CPL 60.22 (2) definition of accomplice.
An undercover police agent who has no motive to fabricate is not an accomplice under the statute requiring corroboration *438 of an accomplice’s testimony to support a conviction. (CPL 60.22 [3]; People v Bedoya, 122 AD2d 545; People v Gory, 30 AD2d 975; People v Luongo, 86 Misc 2d 120, 125, mod on other grounds 58 AD2d 895, affd 47 NY2d 418; People v Swift, 161 Misc 851, affd 251 App Div 808, affd 277 NY 618; see also, 23 CJS, Criminal Law, § 788.) However, when the testimony comes from one who has become an informant to avoid or mitigate prosecution for his own criminal participation, lack of mens rea on the part of the witness will not obviate the need for corroboration.
In People v Cona (49 NY2d 26) the Court of Appeals considered the question of whether the testimony of a so-called "turncoat conspirator” must be corroborated. There, the jury received testimony from one police officer who had been an accomplice before he agreed to cooperate and from another police officer who was an undercover agent and later joined the criminal conspiracy. The majority refused to divide testimony concerning events which took place while a witness was not an accomplice from testimony concerning events which took place while he was implicated in a criminal scheme. In commenting on the Cona holding, Judge Bellacosa, now on the Court of Appeals, stated that: "[F]or purposes of the corroboration requirement, it makes no difference when [the] witness became an accomplice, be it at the very beginning, during the course of or at the every end of a sustained conspiracy or scheme. At any and all of the temporal points, the corroboration requirement springs into the case as an indispensable prerequisite to support the conviction.” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 60.22, at 443.)
The need for corroboration of accomplice testimony arises from its unreliability. (People v Berger, 52 NY2d 214, 218, supra.)[4] When accomplices testify in the expectation of receiving leniency, their testimony is particularly suspect. (See, e.g., People v Moses, 63 NY2d 299, 305; People v Berger, supra, at *439 219; People v Duncan, 46 NY2d 74, 79, cert denied 442 US 910; People v Marmulstein, 109 AD2d 948, 949; 7 Wigmore, Evidence § 2057, at 417 [Chadbourn rev 1978].)
The rationale for extending the accomplice corroboration rule to one who participates in a criminal scheme and then cooperates as an undercover agent is also inherent testimonial untrustworthiness. "[A] person who agrees to turn State’s evidence may believe it to be in his best interests to embellish the truth when testifying about the defendants in order to secure the approval of officials who have the authority to prosecute the accomplice should they not be satisfied with his cooperation * * * The fact that part of an informant’s testimony may not be concerned with matters for which he himself is criminally liable in no way militates against the suspect nature of his testimony taken as a whole.” (People v Cona, 49 NY2d 26, 36, supra.)
In Cona (supra), the analysis of the corroboration requirement was based on a fully developed trial record. Nonetheless, the legal principle that corroboration is needed for the testimony of a former accomplice in a continuing criminal venture should apply to the Grand Jury presentation here. (CPL 190.65 [1] [supra, n 1]; People v Cox, 127 Misc 2d 336, 343.) Thus, Police Officer Winter’s testimony as to conversations with defendant after Winter agreed to cooperate with the investigation is held to be accomplice testimony and the fact that he no longer shared defendant’s alleged criminal intent is immaterial.
An examination of the Grand Jury minutes reveals that the required corroboration is lacking. The prosecution relies on a tape recording of conversations between Winter and defendant, and on the testimony of Winter that he turned over money he received from defendant to the Internal Affairs Division of the Police Department. The tape recording was not played to the Grand Jury, but even if it had been, it could not have served to corroborate Winter’s testimony absent independent identification of defendant’s voice on the tape. (People v Dory, 59 NY2d 121, 128; People v Cona, 49 NY2d 26, 32-33, n 1, supra; People v Dennison, 83 AD2d 754, 755; see also, People v Hudson, 51 NY2d 233, 238-239; People v Rugg, 91 AD2d 692, 693, supra.) Similarly, the vouchered money by itself cannot be corroborative without independent proof of a connection to defendant.
In sum, the only evidence against defendant at the Grand *440 Jury came from the uncorroborated testimony of one whom the court finds to be an accomplice as a matter of law. Accordingly, the evidence before the Grand Jury was legally insufficient. The indictment is dismissed with leave to re-present.[5]
[Portions of opinion omitted for purposes of publication.]

. CPL 190.65 (1) provides that "a grand jury may indict a person for an offense when * * * the evidence before it is legally sufficient * * * provided, however, such evidence is not legally sufficient when corroboration that would be required, as a matter of law, to sustain a conviction * * * is absent”. (L 1983, ch 28, § 1, eff Apr. 5, 1983.)

. Under former law, a witness was deemed an accomplice only if he could have been convicted of the same crime for which the defendant stood trial. (People v Beaudet, 32 NY2d 371, 374; People v Baker, 46 AD2d 377, 380.) That remains the test in most States. (23 CJS, Criminal Law, § 786 [1].)

. Even were the court to find the uncharged crimes irrelevant to and not part of the proof of count one, dismissal of count one would still be required. The prosecutor gave no instruction to the Grand Jury limiting the purpose for which the uncharged crimes evidence was to be used, and the likelihood that the Grand Jury considered it with regard to count one is substantial. Thus, the evidence of uncharged crimes, if not relevant, is prejudicial and may have led the Grand Jury to indict defendant for bribery in the second degree under count one in the belief that defendant had a propensity to commit the crime of bribery.

. The Federal rule dispenses with the need for corroboration and requires only a cautionary charge to the jury when an accomplice testifies. (United States v Augello, 452 F2d 1135, 1140, cert denied 406 US 922; United States v Marks, 368 F2d 566, cert denied 386 US 933; United States v Agueci, 310 F2d 817, 833 [circumstance that witnesses in a prosecution for conspiracy were formerly members of the conspiracy goes merely to the weight of their testimony].) In many States, as well, an accused may be convicted on the unsupported evidence of an accomplice so long as the trier of facts is satisfied of guilt beyond a reasonable doubt. (23 CJS, Criminal Law, § 810 [1] [a].)

. If the People choose to re-present this matter with accomplice testimony, the Grand Jury should be appropriately instructed. (People v Sanchez, 125 Misc 2d 394; People v Cox, 127 Misc 2d 336, 343, n 7; People v Green, NYLJ, Apr. 1, 1986, at 12, col 3 [Sup Ct, Kings County].)